UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

THOMAS L. HARMON,

    Plaintiff,

    v.       CAUSE NO. 1:23-CV-231-HAB-SLC

JESSICA WALKER, et al.,

    Defendants.

OPINION AND ORDER

Thomas L. Harmon, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 4.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Harmon is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Harmon is a currently serving a sentence for a probation violation. He claims that at a February 2023 hearing in which his probation was revoked, his probation officer Jessica Walker "lied" when testifying about the community service he had

performed.[1] He further claims that Ms. Walker has been "defensive and combative" during many of their dealings, and that she did not follow proper procedures for bringing him into court on the probation violation. He also claims that Ms. Walker's supervisor Stacy Beam did not properly train her about applicable "rules" and "procedures." Finally, he claims he made an "overpayment of costs associated with his probation" but has not been given a "refund." Based on these events, he sues Ms. Walker, Ms. Beam, and the Noble County Probation Department, seeking Ms. Walker's termination and $100,000 in damages.

Mr. Harmon's allegations do not give rise to a viable constitutional claim. His claim that Ms. Walker lied in court cannot proceed because she is protected by witness immunity for giving testimony in his case. *See Briscoe v. LaHue*, 460 U.S. 325, 326-27 (1983); *Kowalski v. Boliker*, 893 F.3d 987, 1000 (7th Cir. 2018). The fact that she was allegedly rude or combative with him in carrying out her duties, while perhaps unprofessional, does not amount to a Fourteenth Amendment violation. *Nelson v. City of Chicago*, 992 F.3d 599, 606 (7th Cir. 2021); *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Likewise, his allegation that she did not follow departmental procedures or other state law in the probation revocation proceeding does not state a claim under 42

---

[1] It can be discerned from his allegations that he is referring to *State v. Harmon*, 57D01-2103-F6-000052 (Noble Sup. Ct. closed Oct. 8, 2021), in which he was convicted of possessing methamphetamine. According to the public docket, he was sentenced to serve two years in prison, but was released on probation in October 2021. The state petitioned to revoke his probation in August 2022. He was appointed counsel and later pled guilty to the violation. At a hearing held in February 2023, his probation was revoked and he was sentenced to serve 365 days at the county jail. The court is permitted to take judicial notice of public court documents at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

As for Ms. Beam, there is no general supervisory liability under 42 U.S.C. § 1983, and she cannot be held liable for damages merely because of her position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory public officials can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). However, there is insufficient factual content from which the court could plausibly infer that Ms. Beam had any personal involvement in these events or that she condoned, facilitated, or approved of some unconstitutional conduct by Ms. Walker.

Although unclear, he may be trying to sue Ms. Beam in her official capacity and/or her employer for an unconstitutional policy involving the failure to adequately train probation officers. However, probation departments in Indiana are state entities, and states are not "persons" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Lake Cnty. Bd. of Commissioners v. State*, 181 N.E.3d 960, 967 (Ind. 2022) ("Because Probation is an arm of the court, it like the court itself is a state entity."). Aside from this barrier, the failure to train amounts to a constitutional violation only if that failure is "tantamount to 'deliberate indifference' toward the constitutional rights of citizens." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000) (citing *City of Canton v. Harris*, 489 U.S. 378

(1989)). Mr. Harmon has not plausibly alleged that the failure to train Ms. Walker about unspecified rules or procedures is tantamount to deliberate indifference to his federal constitutional rights.[2]

As for his "overpayment" claim, he does not provide any details to illuminate this claim and it is unclear what payments he is referring to or whom he faults for not giving him a refund. The public docket in his criminal case reflects that he was ordered to pay certain costs as part of his criminal sentence. *State v. Harmon*, 57D01-2103-F6-000052 (Noble Sup. Ct. closed Oct. 8, 2021). If he believes he overpaid, he may have some remedy in the criminal case, or in an action under the Indiana Tort Claims Act. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (a state tort claims procedure that provides a method by which a person can seek reimbursement for lost property satisfies the requirements of due process). However, he has not plausibly alleged a violation of his federal constitutional rights.

Therefore, Mr. Harmon has not stated a claim against any defendant. In the interest of justice, the court will allow him an opportunity to file a second amended complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegation he has already

---

[2] The court does not understand him to be claiming that his federal due process rights were violated at the probation revocation hearing, but if he were to be asserting such a claim, it would have to be raised in a habeas corpus petition. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Additionally, he cannot pursue a claim for money damages that necessarily implies the invalidity of his current incarceration unless his conviction is overturned, set aside, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

made under penalty of perjury.³ *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **July 27, 2023**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on June 27, 2023.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

³ Although he already amended once, that was to correct some technical problems with his original complaint, including that it was not signed in accordance with Federal Rule of Civil Procedure 11(a). (*See* ECF 3.) In fairness, he will be given an additional opportunity to amend now that the court has analyzed his claims.